21-1025-cv(L)
*Okongwu v. Cnty. of Erie*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of October, two thousand twenty-two.**

**PRESENT:**
   **DENNIS JACOBS,**
   **DENNY CHIN,**
   **BETH ROBINSON,**
    *Circuit Judges.*

_____

**Emeka Dominic Okongwu,**

   *Plaintiff-Appellant,*

   **v.**             **21-1025 (Lead),**
                  **21-2601 (Con)**

**County of Erie,**

*Defendant-Appellee,*

**Chris Collins, and his successors, in their official capacities as Erie County Executive, Timothy B. Howard, individually and as official of the Erie County Sheriff's Office, Richard T. Donovan, and his successors, in their official capacities as Erie County Undersheriff, Robert Koch, and his successors, in their official capacity as Superintendent, Administrative Services Division, Jail Management Division Erie County, Barbara Leary, individually and as official of Erie County Holding Center, John Does 1-10, individually and in their official capacities as investigators, employees, and staff of the Erie County District Attorney's Office, the names of which are currently unknown, John Does 11-20, Individually and in their official capacities as officers, investigators, employees and staff of the Erie County Sheriff's Office, the names of which are currently unknown, District Attorney Kevin M. Dillon, and his successors, in their official capacities as Erie County District Attorney, Carol Bridge, individually and as official of the Erie County District Attorney's Office, Michael J. Cooper, individually and as official of the Erie County District Attorney's Office, City of Buffalo Police Department, City of Buffalo, Marcia Scott, individually and in her official capacity as Officer, Buffalo Police Department, John Graham, individually and in his official capacity as Officer, Buffalo Police Department, Robert Victory, individually and in his official capacity as Officer, Buffalo Police Department, Frank A. Sedita, III, individually and as official of Erie County District Attorney's Office, John Does 21-30, individually and in their official capacities as officers, investigators, employees and staff of the Erie County Holding Center, the names of which are currently unknown, John Does 31-40, individually and in their official capacities as officers, investigators, employees, and staff of the City of Buffalo Police Department, the names of which are currently unknown, John Does 41-50, individually and in their official capacities as officers, investigators, employees, and staff of the NYS Department of Corrections and Community Supervision, the names of which are currently unknown, John Does 51-60, individually and in their official capacities as officers, investigators, employees, and staff of the New York State Office of Children and Family Services, the names of which are currently unknown, John Does 61-70, individually and in their official capacities as officers, directors, trustees, consultants, contractors, partners, affiliates, vendors, employees, and staff of the Children's Hospital of Buffalo of Kaleida Health, the names of which are currently unknown, John Does 71-80, individually and**

in their official capacities as officers, directors, trustees, consultants, contractors, partners, affiliates, vendors, employees, and staff of the Jacobs School of Medicine and Biomedical Sciences, State University of New York at Buffalo, John Does 81-90, individually and in their official capacities as officers, directors, trustees, consultants, contractors, partners, affiliates, vendors, employees, and staff of the Child and Adolescent Treatment Services of Buffalo, the names of which are unknown, Ollie McNair, individually and as official of Erie County Department of Social Services, New York State Department of Corrections and Community Supervision, New York State Office of Children and Family Services, Children's Hospital of Buffalo of Kaleida Health, Jacobs School of Medicine and Biomedical Sciences, State University of New York at Buffalo, Child and Adolescent Treatment Services of Buffalo, Erie County Sheriff's Office, Erie County Department of Social Services, State of New York, Erie County District Attorney's Office, Jen Henry, individually and as official of Child and Adolescent Treatment Services of Buffalo, Dr. Stephen Lazoritz, individually and as an official of Children Hospital of Buffalo of Kaleida Health, Michael Flahrety, individually and as official of the Erie County District Attorney's Office,[1]

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:        Emeka Dominic Okongwu, pro se, Buffalo, NY.

FOR DEFENDANT-APPELLEE:        James Peter Blenk, Esq., Lippes Mathias LLP, Buffalo, NY.


Appeal from a judgment and order of the United States District Court for the Western District of New York (Skretny, *J.*).


UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,

---

[1] The Clerk of Court is directed to amend the caption of the case as set forth above.

**ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

In New York state court, Emeka Dominic Okongwu was convicted of sexually abusing his twin daughters. After his conviction was vacated, he sued, among others, the County of Erie ("the County") under 42 U.S.C. § 1983, asserting that law enforcement officers had coerced and coached his daughters to falsely testify against him. The district court granted summary judgment to the County and denied Okongwu's post-judgment motions for relief under Federal Rules of Civil Procedure 59(e) and 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment without deference to the district court, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."[2] *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). However,

---

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

a party cannot defeat summary judgment with "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

## I.    Summary Judgment

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), "local governments may be held liable in § 1983 actions" if a plaintiff can show the denial of a constitutional right that was "caused by an official municipal policy or custom." *Frost v. New York City Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020).  An official municipal policy or custom includes (1) "the decisions of a government's lawmakers"; (2) "the acts of its policymaking officials"; and (3) "practices so persistent and widespread as to practically have the force of law."  *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020).

The district court correctly determined that there was no genuine dispute of material fact as to the County's liability for malicious prosecution.  First, there was no evidence of a policy of witness coercion or coaching based on the "decisions of [the County's] lawmakers."  *Id.*  Second, Okongwu did not proffer any evidence that an act by a policymaking official led to a constitutional violation. Okongwu's evidence consisted only of his daughters' affidavits accusing

5

"prosecutors," "law enforcement officials," and "law enforcement authorities" of coercion, and his testimony that "all the sheriffs" in the County were responsible for coaching his daughters' testimony. By relying on those sweeping but vague claims, Okongwu did not identify any "decision by a municipal policymaker" that could "fairly be said to represent official policy." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008). While Okongwu is correct that the question of whether sheriff's deputies were policymakers is a matter of law, *see Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000), he failed to identify a "single action" by a specific official with final policymaking authority that led to the alleged constitutional violation. *Hu v. City of New York*, 927 F.3d 81, 105 (2d Cir. 2019).

Third, Okongwu did not provide any evidence suggesting a "persistent and widespread practice" of witness coercion. *Lucente*, 980 F.3d at 297. The evidence he proffered consisted of various summaries in the National Registry of Exonerations of instances of police or prosecutorial misconduct by Erie County officials. Only one instance relates to threatening, coercing, or coaching witnesses. There is therefore no showing of conduct "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Id.* at 297–98.

Finally, the County was entitled to summary judgment on Okongwu's

failure-to-train theory of liability, which required "a pattern of similar constitutional violations by untrained employees" showing that the County had been on notice. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). The summaries that Okongwu provided simply do not provide a sufficient basis for a jury to find a pattern of witness coercion leading to malicious prosecution. *See also Outlaw v. City of Hartford*, 884 F.3d 351, 379 (2d Cir. 2018) (affirming grant of summary judgment to municipality where plaintiff relied, in part, on prior litigation about a different type of alleged misconduct). Okongwu also failed to identify any specific deficiency in the training curriculum for the sheriff deputies. On this evidence, a reasonable jury could not find that the County's failure to train its employees caused the witness coercion leading to his alleged malicious prosecution. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (affirming summary judgment where plaintiffs "neglected to offer any evidence . . . as to the purported inadequacies" in a training program and "the causal relationship between those inadequacies and the alleged constitutional violations").

## II.    Post-judgment Motions

We review the denial of the post-judgment motions for abuse of discretion.

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020). Okongwu asserted in his post-judgment motions that he had new evidence supporting his previously dismissed claims and sought to file a third amended complaint. Okongwu needed to show, among other things, that "the newly discovered evidence was of facts that existed" during the action, that he had been "justifiably ignorant" of the new facts, "despite due diligence," and that the evidence was admissible. *Id.* at 146–47 (addressing relief under Rule 59(e) and 60(b)).

Okongwu did not identify any new evidence. The proposed complaint contains new factual allegations but did not explain what new evidence the facts were based on. He therefore failed to show that the (unidentified) evidence was admissible. Nor did he establish that he had been justifiably ignorant of the new facts, contending instead that they came from documents he had previously sent to a friend. *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) (ruling party failed to demonstrate it was "justifiably ignorant" of evidence contained in its own files). And he did not show that he acted with diligence, as he did not explain *when* his friend had come forward with the documents. He thus failed to meet the burden for relief.

Finally, because Okongwu did not establish a basis for vacating the judgment, the district court properly denied leave to amend. *See Metzler Inv. Gmbh*, 970 F.3d at 142 ("It would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the previously entered judgment.").

We have considered all of Okongwu's arguments and find them to be without merit. Accordingly, we **AFFIRM t**he judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court